White, J.
 

 delivered the following opinion of the .Court: —
 

 The only question presented by this record is whether the sheriff’s deed to Vinson shall prevail against the conveyance made from Brisner to Matthew Brooks ?.
 

 The deed to Brooks is of a date prior to the taking out of the attachment, in consequence of which the land was sold to Vinson; and if that deed is now to operate from its date, the judgment of the Circuit Court ought to be affirmed, if not, it ought to be reversed.
 

 By the Act of North Carolina, passed in the year 1715, ch. 38, § 5, it is enacted “ that no conveyance or bill of sale for lands (other than mortgage), in what manner or form soever drawn, shall be good and available in law, unless the same shall be acknowledged by the vendor, or proved by one or more evidences upon oath, before the Chief'Justice for the time being, or in the court of the precinct where the land lieth ; and registered by the public register of the precinct where the land lieth, within twelve months after the date of said deed; and that all deeds so done and executed, shall be valid and pass estates in lands, or right to other estate, without livery of seisin, attournment, or other ceremony in the law whatsoever.”
 

 Under the provisions of this section it has been understood, and is so now understood, that until the conveyance is registered, the legal title is not vested in the vendee; or, in other words, that the registration is a condition precedent to the passing of the estate. When the conveyance is registered within the time prescribed by law, the legal estate is considered as residing in the vendee from the date of the deed ; but until registered, it is only viewed as a contract to sell and dispose of the estate.
 

 The Legislatures, both of North Carolina and Tennessee, have at different times fixed various periods within which conveyances shall be registered. At the time the deed to Brooks bears date, the law required its registration in two years from the date. This term expired the 13th day of November, 1800. Between the 13th of November, 1800, and the session of Assembly in the fall of 1801, there was no law which authorized this deed to be registered. At that session the Legislature enacts “ that if any person has suffered or may suffer by his grant or deed not having been duly registered, such deed may be proved and registered
 
 *194
 
 at any time before the next stated session of the Assembly.” The “ next stated session of the Assembly” was in the fall of 1803. Under the provisions of this Act the deed to Brooks was registered on the 6th day of October, 1802.
 

 Whenever the registration took place, no doubt is entertained but that as between Brisner and Brooks, the title would be considered as vested in the latter from the date of the deed. But in the mean time, to wit: on the 9th day of January, 1801, Brisner’s creditors levy an attachment on this land; in January, 1802, obtain a judgment; and in 1803, cause the land to be sold. It is believed that as soon as this attachment was returned to the Court, and the sheriff’s return upon it became a matter of record, the land was thereby encumbered so as to prevent Brisner from afterwards selling and conveying the land to the prejudice of the creditors who took out the attachment. But although this be the case, yet Brooks, by his then unregistered deed of a prior date, would be considered as a purchaser of the land for a valuable consideration, and of course the owner in equity.
 

 Brooks has the prior equity to the land. His prior equitable title is, by. the after registration of the deed, made a legal title ■ likewise. Having, therefore, the first equitable as well as legal title to the land, he ought to prevail against Yinson, whose title either at law or equity, can relate no further back than either the levy or return of the attachment.
 

 But if after the time for registering a deed has elapsed, a second purchase of the land is made, and the second purchaser has his deed made and registered, and thereby acquires a complete legal title to the land before the registration of the first deed; and afterwards the Legislature authorize the registration of the first deed, in consequence of which it is registered how far the subsequent registration shall affect the first deed registered, we do not feel it necessary now to decide.
 

 The judgment of the Circuit Court must be affirmed.